LAURA S. L. NEWHALL, Respondent, and GEORGE P. NEWHALL, Plaintiff, v. MARGARET McCANN and Others, Individually and as Executors, etc., of JAMES McCANN, Deceased, Appellants.—Action by plaintiff Laura S. L. Newhall to recover for injuries sustained as the result of tripping on an iron strap or lip that extended from the cellar doors built in the sidewalk in front of defendants' premises. The obstruction was two inches above the sidewalk level and extended forty-four and one-half inches from the building line and one inch beyond the doors. It was the projection of an iron band that overlapped the junction of the two parts of the door when closed, making it watertight. The plaintiff husband joined in the action, suing to recover for medical attention and loss of services, but he died before trial and as to him the action abated. The appeal is from the judgment in favor of the wife. Judgment unanimously affirmed, with costs. In its charge the trial court withdrew from the jury the question of nuisance, instructing them that as the construction had existed for more than thirty years there was, despite the uncontradicted proof that a permit had never been issued, a reasonable inference that authority for the construction had been given and that, therefore, an action for nuisance would not lie. As that part of the charge was in appellants' favor, its soundness need not be considered. The question submitted to the jury was whether or not, standing alone, the two-inch rise of the lip above the sidewalk level constituted negligence. In view of the fact that the obstruction extended to a point forty-four and one-half inches from the building line and into the traveled part of the sidewalk, we think it did. (See *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129.) The question of plaintiff's contributory negligence was, in the circumstances, one of fact for the jury. Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Kapper, J., concurs in result.